Freeman, J.,
delivered the opinion of the court.
The only question presented for decision on the facts of this record is, as to whether complainant is entitled to a decree against respondent Lewis for the sum of $475.05, with interest from the time received.
A number of years since, George Bawcum, grandfather of a portion of the defendants, died, leaving a will in which he gives, among other property, to his wife for life, two negro girls, Charlotte and Juda, and after the death of his wife, his will is that the *407 following children, to-wit: “Nicholas Bawcum, John Bawcum, Michael Bawcum, Malinda Bawcum, Wesley Bawcum and Emily Bawcum have the two negro girls Charlotte and Juda,” after the life estate of bis wife.
Michael Bawcum, one of the legatees, died before the life tenant, leaving a will in whicli he leaves his property as follows, to his wife; “I give and devise to my wife, Caroline Eliza, all my household furniture; also, all and any of my personal property and real estate for her own individual purposes and property, to have for her benefit to enable her to support my three infant children,” naming them.
Mrs. Caroline E. Bawcum, the widow of Michael, sold to complainant her interest in these negroes under the will of her husband, in payment for a tract of land. After this, and after the death of the life tenant, one of the children and legatees of George Bawcum the grandfather, filed his petition in the County Court to have the negroes sold, with their increase, for division, making the children of Michael Bawcum parties, as is charged. The sale was ordered and reported to the County Court by which court it was confirmed; the proceeds collected and ultimately the share or supposed share of Michael’s children paid over to Lewis, as guardian of the children.
This bill is filed by .complainant as assignee of Caroline E. the widow of Michael, to have this monéy decreed to him.
In the state of the case as presented in this record, he is entitled to his decree for it; provided, Mrs. *408 Caroline Bawcum bad the absolute property in her and could convey a title to her assignee. This depends on the question, as to whether the remaining interest passed by the will of Michael Bawcum, the life tenant being alive at the time of his death, and then, whether Caroline his widow, took an absolute interest in the property under the will, carrying with it the power of disposition.
It is clear that the legatees of George Bawcum, the grandfather took a vested remainder interest in the two negroes, with right to possession and enjoyment of the property on the death of their mother. This interest was as much property as any other, subject to sale by the parties, and might have even been subjected to satisfaction of debts of the owner, by proper. proceeding for that purpose. 1 Yer., 26; 2 Swan, 515. That such a remainder may be disposed of by will, is now, we believe, well settled, the rule being as stated by Mr. Bedfield on Wills, 1, 388, sec. 10, “ that all estates which are transmissible by operation of law, or by the act of the owner, are devisable.” This being so, the only question is, whether the language of the will as manifesting the intention of 'the testator, by fair construction- carries this interest. We think it does. It is a well settled rule that the law presumes that the party who makes a will 'does not intend to die intestate as to any portion of his estate. The language of this will is broad enough to include this remaining interest, the first part of the will showing an intention to dispose of the entire residue of his estate by the last *409 clause, after payment of his debts. This last clause is a disposition in terms of “all and any of my personal property and real estate/’ to his wife. We think, there can be no doubt that this remainder interest passed to his widow Caroline. We think further, she took the absolute estate with power of disposition as she- might choose.
There is no limitation over to his children, but the language is for her own individual purposes, and property to have for her benefit, to enable her to support my three infant children.” This is not like the case of Harris v. Anderson et al., 4 Sneed, 250, where the property was given to a trustee, “ for the benefit of testator’s daughter and her children, that she now has, or may hereafter have, and apply it to their use and benefit,” after her death to be equally divided among the children. In this case it was held that the property in the hands of the daughter was subject to a charge in favor of the children for a support, while they made part of the family, during the life of the mother. It is more like the case of Moore v. Limmans, 2 Head., 545, where the property was to be held for the use, benefit of and behoof of Sally Simmons the daughter of testator, and her children, though not so strong a case in favor of the children. In this case it was held that the children took no estate in the property.
In the ease before us, the estate is given absolutely to the wife, not for her and the children, nor for her use and her children, but he gives his reason why he gives it to her, so as to enable her to *410 support his three children. She then had the absolute property given her for this reason, thus designated, and having this might dispose of it as she pleased, and having done so, the right of the assignee of the widow cannot be controverted by the children.
The clerk and master having been directed by the Chancellor to report what amount of money arising from the sale of the negroes came into the hands of Lewis the guardian, reported the sum of $475 as received February, 1862, which report being unexcepted to, was confirmed, and thereupon the court gave a decree against Lewis for that sum with interest. Lewis sets up in his answer that he paid over the share of one of his wards, but he fails to make any proof of this, and also that he had the money received,. in Tennessee money, but there is no proof of either statement, and being in the nature of new matter in evidence not responsive to the bill, he fails in these defences.
The result is that the decree of the Chancellor is affirmed, but complainant must pay the costs of this and the court belo'w.